IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY EUGENE SHRUBB, | ) | |
| Petitioner, | ) | Civil Action No. 17-62 Erie |
| | ) | |
| v. | ) | Chief Judge Joy Flowers Conti |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL R. CLARK, et al., | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Pending before this Court is state prisoner Jerry Eugene Shrubb's (the "Petitioner's") petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 3). It is respectfully recommended that the Respondents's motion to dismiss (ECF No. 6) be granted because the Petitioner filed his claims outside AEDPA's one-year statute of limitations. It is further recommended that a certificate of appealability be denied.

**II.    REPORT**

   **A.    Relevant Background**

In 2007, the Petitioner was convicted in the Court of Common Pleas of Elk County on several counts of burglary, arson, and related crimes. On August 17, 2007, the court sentenced him to an aggregate term of 72-144 months of imprisonment to be followed by 2 ½ years of probation. In his direct appeal to the Superior Court of Pennsylvania, the Petitioner claimed that the trial court erred in denying his motion to suppress and that the Commonwealth introduced insufficient evidence to support

1

his burglary and arson convictions.[1] Commonwealth v. Shrubb, No. 327 WDA 2008, slip op. at 1, 7-8 (Pa.Super.Ct. June 23, 2010) ("Shrubb I") (ECF No. 6 at 15-16).

On June 23, 2010, the Superior Court Shrubb I, in which it affirmed the Petitioner's judgment of sentence in a 2-1 decision.[2] On March 16, 2011, the Supreme Court of Pennsylvania denied a petition for allowance of appeal. The Petitioner did not seek further review in the United States Supreme Court. Accordingly, **his judgment of sentence became final on June 14, 2011**, which is the date upon which the time for him to file a petition for a writ of certiorari expired. 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On **June 22, 2011**, the Petitioner filed his first motion for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq.* He raised claims that his trial counsel was ineffective. Blair H. Hindman, Esquire, was his PCRA attorney. The PCRA court denied relief. In the Petitioner's subsequent appeal to the Superior Court, the Petitioner claimed that the PCRA court erred in denying three of his claims. Commonwealth v. Shrubb, No. 1147 WDA 2012, slip op. at 1-15 (Pa.Super.Ct. April 10, 2013) ("Shrubb II") (ECF No. 6 at 32-46).[3]

On April 10, 2013, the Superior Court issued Shrubb II, in which it affirmed the PCRA court's decision. The Petitioner did not seek discretionary review with the Supreme Court of Pennsylvania. For the purpose of calculating the statutory tolling provision of AEDPA, which is discussed below, the

---

[1] The Petitioner also raised five claims of ineffective assistance of trial counsel. The Superior Court explained that such claims must be raised in a post-conviction motion. Shrubb I, No. 327 WDA 2008, slip op. at 6-7, 10-11 (ECF No. 6 at 15-16, 19-20).

[2] One judge dissented, stating that he found merit in the Petitioner's claim that the Commonwealth introduced insufficient evidence to support his convictions of burglary and arson.

[3] The Petitioner claimed that his trial attorney was ineffective for: (1) minimizing the effects of his cerebellar degeneration, which significantly impacted his ability to represent the Petitioner; (2) failing to adequately discuss with the Petitioner whether he should testify; (3) failing to investigate and use possible character evidence. Shrubb II, No. 1147 WDA 2012, slip op. at 4 (ECF No. 6 at 35).

2

Petitioner's PCRA proceeding concluded on or around **May 10, 2013**, the date his time for seeking discretionary review in the Supreme Court of Pennsylvania expired. 28 U.S.C. § 2244(d)(2). See Lawrence v. Florida, 549 U.S. 327, 331-36 (2007); Swartz, 204 F.3d at 419-21.

The Petitioner contends that he did not receive notice that the Superior Court issued Shrubb II until on or around **April 16, 2014**. Petition, ¶ 12(a) (ECF No. 3 at 5); Reply, ¶ 6 (ECF No. 9 at 2).[4] See also Commonwealth v. Shrubb, No. 637 WDA 2015, slip op. at 5 (Pa.Super.Ct. June 17, 2016) ("Shrubb III") (ECF No. 6 at 54). Soon thereafter, on April 24, 2014, he filed with the Superior Court a *pro se* "motion for reconsideration/ reargument/reinstatement." (ECF No. 3-3 at 7-11). In it, the Petitioner alleged that Attorney Hindman abandoned him and failed to notify him that the Superior Court issued Shrubb II and that, as a result, he was unable to file a timely petition for allowance of appeal to the Supreme Court of Pennsylvania. The Petitioner requested that he be permitted to amend his first PCRA motion to include claims that Attorney Hindman was ineffective and he also asked the Superior Court to reconsider its decision in Shrubb II. The Superior Court denied that motion in a *per curiam* order dated **May 12, 2014**. (ECF No. 3-2 at 66).

On September 10, 2014, the Petitioner filed a second PCRA motion. He claimed that the Department of Corrections "censor[ed] and failed to forward" correspondence from Attorney Hindman and that is why he did not receive timely notice of the Superior Court's decision in his first PCRA proceeding (Shrubb II). Second PCRA Pet. at 3 (ECF No. 8 at 527). He also claimed that attorney Hindman "abandoned his case." Id. Additionally, he raised "claims of prosecutorial misconduct, challenged the sufficiency of the evidence supporting his convictions, and asserted ineffective assistance

---

[4] In a letter dated, October 22, 2014, Attorney Hindman's legal assistant wrote to the Petitioner that "a copy of the Superior Court Order dated April 10, 2013 [Shrubb II], was mailed to you on May 14, 2013 at SCI-Laurel Highlands[.]" (ECF No. 3-2 at 68). The Petitioner filed a grievance in which he contended that the mailroom at SCI-Laurel Highlands failed to forward to him Attorney Hindman's correspondence that contained Shrubb II. That grievance was denied on October 2, 2014, and his subsequent administrative appeals were unsuccessful. (ECF No. 3-2 at 70-80).

3

of his trial counsel and first PCRA counsel [Attorney Hindman]." Shrubb III, No. 637 WDA 2015, slip op. at 3 (ECF No. 6 at 52) (citing Second PCRA Pet. at 1-10). He indicated that "'the following facts were unknown to' him: '[t]he fact that Corpus Delecti has not been established in this instant matter.'" Id. at 4 (ECF No. 6 at 53) (quoting Second PCRA Pet. at 3).

The PCRA has a one-year statute of limitations, which is codified at 42 PA.CONS.STAT. § 9545(b). It is jurisdictional, see, e.g., Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa.Super.Ct. 2013), and it provides:

> (b) Time for filing petition.--
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> >
> > (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 PA.CONS.STAT. § 9545(b)(1)-(2).

The PCRA court dismissed the second PCRA motion as untimely and the Petitioner filed a counseled appeal. On June 17, 2016, the Superior Court issued Shrubb III, in which it affirmed the PCRA court's decision. It explained:

> In the case *sub judice*, [the Petitioner's] judgment of sentence became final on June 14, 2011, ninety days after the Pennsylvania Supreme Court denied his petition for

4

allowance of appeal. See Sup.Ct.R. 13; 42 Pa.C.S. § 9545(b)(3). [The Petitioner] filed the instant *pro se* petition on September 10, 2014. Thus, it is facially untimely. [The Petitioner] claimed in his petition that he met the government interference exception at 42 Pa.C.S. § 9545(b)(1)(i) because the Department of Corrections prevented him from receiving correspondence from his appellate counsel which informed him of the Superior Court's April 10, 2013 decision. Pro Se PCRA Pet. at 3. Liberally construing his petition, he alternatively posits he did not learn of the April 10, 2013 decision because he was abandoned by appellate counsel.[13] See id. at Ex. 1, 6-7. He therefore argues in the instant appeal that he fulfilled the newly-discovered facts exception at 42 Pa.C.S. § 9545(b)(1)(ii) because he did not discover counsel's "abandonment" until April 2014. See [the Petitioner's] Brief at 33-37.

> [13] We note [the Petitioner] included in his opposition to the PCRA court's Rule 907 notice a letter from his appellate counsel's law office which read, in part, "a copy of the Superior Court Order dated April 10, 2013 was mailed to you on May 14, 2013[.]" [The Petitioner's] Resp. to Rule 907 Notice at Ex. F.

[The Petitioner] acknowledges he learned of this Court's April 10, 2013 decision on April 16, 2014. [The Petitioner's] Resp. to Rule 907 Notice at 1; [The Petitioner's] Brief at 35-36. Accordingly, in order to satisfy any exception to the jurisdictional time-bar, [the Petitioner] needed to file his petition on or before June 16, 2014. See 42 Pa.C.S. § 9545(b)(2); see [Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa.Super.Ct. 1999)]. Consequently, [the Petitioner] did not meet the strict jurisdictional filing mandates of the PCRA because he filed the instant petition on September 10, 2014, in excess of sixty days from when the claim could have been presented.[14] See [Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa.Super.Ct. 2013)]. Based on the foregoing, we conclude the PCRA court properly dismissed [the Petitioner's] petition as untimely. See [Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super.Ct. 2014)].

> [14] Moreover, [the Petitioner's] motion for reconsideration, which was filed after the Superior Court's decision affirmed the denial of his first PCRA petition, sought to amend his first PCRA petition. Mot. for Recons. at 3-4. It was not, as [the Petitioner] now suggest[s] on appeal, a second PCRA petition. Further, [the Petitioner] did not argue in the instant petition that his motion for reconsideration met the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii) and (2). See Commonwealth v. Roney, 79 A.3d 595, 611 (Pa. 2013) (noting PCRA petitioner waived his claim for failure to raise it before the PCRA court).

Id. at 6-7, 9-10 (additional footnote omitted). The Supreme Court of Pennsylvania denied a petition for allowance of appeal on December 6, 2016.

The Petitioner filed his federal habeas petition with this Court at the very earliest on February 28, 2017, which is the date he placed it in the prison mailing system. He claims that he is entitled to habeas relief because his right to effective assistance of trial counsel was violated and the Commonwealth introduced insufficient evidence to support the jury's verdicts.[5] In their motion to dismiss (ECF No. 6), the Respondents contend that the Petitioner's claims must be dismissed with prejudice because they are untimely under AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). The Petitioner filed a Reply (ECF No. 9), and the Respondents's motion is ripe for review.

**B.    Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[6] It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

---

[5] The Petitioner also alleges, as his did in his second PCRA proceeding, that the Department of Corrections denied him "access to the courts" because it opened the legal mail that his PCRA counsel, Attorney Hindman, sent to him containing the Superior Court's April 10, 2013, decision (Shrubb II) and failed to forward it to him, thus depriving him of receiving timely notice of that decision. Petition, ¶ 12(a) (ECF No. 3 at 5). He also argues that Attorney Hindman was ineffective. These allegations are not cognizable claims in a habeas case (the former must be litigated in a civil rights action and the federal habeas statute expressly states that the latter is not a ground for habeas relief, 28 U.S.C. § 2254(i)). Importantly, however, these allegations are relevant to whether the Petitioner is entitled to equitable tolling of AEDPA's limitations period. As set forth below, even if the Court equitably tolls AEDPA's limitation period to account for Attorney Hindman's alleged ineffectiveness, or for the Department of Corrections's alleged failure to forward to him the correspondence that notified him that the Superior Court issued Shrubb II, his habeas petition is still untimely.

[6] There is no basis to use any of the other provisions triggering the one-year limitations period. The Petitioner has not established that he suffered any impediment to filing his federal petition, 28 U.S.C. § 2244(d)(1)(B), or that any of his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, id. § 2244(d)(1)(C), or that he filed his petition within one year of the date "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2244(d)(1)(D).

As set forth above, the Petitioner's judgment of sentence became final June 14, 2011. He filed his first PCRA petition approximately 8 days later, on June 22, 2011. In accordance with § 2244(d)(2), that PCRA petition *statutorily tolled* AEDPA's limitations period beginning on that date. Petitioner's PCRA proceeding concluded on or around May 10, 2013, which is the date the time for the Petitioner to file a petition for allowance of appeal from the Superior Court's decision in Shrubb II expired. Lawrence v. Florida, 549 U.S. 327, 331-36 (2007); Swartz, 204 F.3d at 419-20. AEDPA's limitations period began to run again the next day, on May 11, 2013. Since 8 days had expired already from the limitations period, Petitioner had 357 more days – until on or around **May 3, 2014** – to file a timely federal habeas petition. He did not file his petition for a writ of habeas corpus until **February 28, 2017**, thereby making his petition **untimely by 1,031 days**.

Importantly, AEDPA's statute of limitations was not statutorily tolled pursuant to § 2244(d)(2) during the pendency of the Petitioner's *second* PCRA proceeding. That is because the Superior Court held in Shrubb III that that second PCRA petition was untimely under state law. Therefore, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); id. at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and bracketed text omitted).

The only remaining consideration for the Court is whether the application of *equitable tolling* saves the Petitioner's claims from dismissal.[7] In Holland v. Florida, 560 U.S. 631 (2010), the United

---

[7] Unlike the PCRA's statute of limitations, "AEDPA's limitation period is not jurisdictional" and is subject to equitable tolling. Jenkins v. Sup't of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013) (citing Holland v. Florida, 560 U.S. 631 (2010)).

States Supreme Court held that a petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. See also Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); United States v. Thomas, 713 F.3d 165, 174-75 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Court of Appeals advised that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Id.

If this Court credits the Petitioner's contention that he did not receive notification that the Superior Court had issued Shrubb II until April 16, 2014 (either because Attorney Hindman failed to notify him or the Department of Corrections failed to forward to him his legal mail) and assumes without deciding that Petitioner was entitled to equitable tolling from May 10, 2013 (the date his first PCRA proceeding concluded) to May 12, 2014 (the date the Superior Court denied his "motion for reconsideration/ reargument/reinstatement" in his first PCRA proceeding) the Petitioner's habeas claims still would be untimely. That is because he has not met his burden of establishing that *after May 12, 2014* he exercised reasonable diligence and/or that some extraordinary circumstance stood in his way and prevented him from filing a federal habeas petition. Thus, he is not entitled to equitable tolling from May 12, 2014, to February 28, 2017. The Petitioner may not have understood the ramifications of waiting so long to file his federal habeas petition or appreciate that his second PCRA

8

motion would not statutorily toll AEDPA's statute of limitations, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) (federal courts "expect *pro se* petitioners to known when the limitations period expires").

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court grant the Respondents's motion to dismiss (ECF No. 6), that the Petitioner's claims be dismissed with prejudice because they are untimely, and that a certificate of appealability be denied as to all claims. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Dated: December 7, 2017            United States Magistrate Judge

cc:    The Honorable Joy Flowers Conti
       Chief United States District Judge


Notice to counsel of record by ECF and by U.S. Mail to Petitioner at his address of record